LEONARD

*v.*

THE NEW YORK BAY COMPANY.

1. A decree will not be opened and the sale thereunder set aside at the instance of a petitioner who, by neglecting to have her deeds recorded, was not made a party to the suit. (*Rev.* p. 118, § 78.)

2. Failure in duty to a party to a suit, affords a stranger no ground of relief.

3. A person not a party to the suit cannot have a sale set aside, made under a decree regularly obtained, on the ground that she holds an

Leonard v. New York Bay Co.

unregistered title to part of the mortgaged premises, discharged from the mortgage by release, if her grantor, who appeared by the record to be the owner when the suit was brought, was properly made a defendant.

4. It is no proof that the efforts of a solicitor fell short of "diligent and careful inquiry," that he omitted to send a notice of a foreclosure suit addressed to a defendant at a place designated as his residence in a deed made fifteen years ago.

The petition of Jane Cawley and her husband, filed in this case, asks to have the final decree made therein and the sale of the master thereunder, as well as the subsequent sales made by the grantee of the master, set aside, so far as affects her interest, and that she may be let in to defend. The bill was for a foreclosure, and the decree and sale by the master were both made more than three years before the filing of this petition.

The petitioner herself was not a party to the bill, though her husband was. When the bill was filed she seems to have been the owner of a small portion of the mortgaged premises, though the deeds by which she acquired title were not then recorded, the title at that time appearing, by the record, to be vested in her two grantors, who were both made defendants to the bill, and against whom, as well as her husband, a decree pro confesso was taken, according to the practice of the court, upon affidavits of publication of the notice to appear and answer, and of unsuccessful inquiry for the places of abode of these defendants.

There is no proof of irregularity in any proceedings in the cause. Nor is there any allegation of fraud or deceit on the part of complainant or any one acting for him. The defence the petitioner asks to interpose is to show that the part of the mortgaged premises to which she claims title was released from the lien of the mortgage many years ago.

On order to show cause why final decree shall not be opened, and sale and conveyance set aside, and a person not a party let in to answer and defend. Heard on petition and affidavits.

13

Leonard v. New York Bay Co.

*Mr. Gilbert Collins*, for petitioner.

*Mr. L. Zabriskie, contra.*

THE VICE-CHANCELLOR.

This application must be denied. The person claiming the interest sought to be protected, by opening the decree, is not a party to the suit. It was her own fault she was not made a party. She first acquired an interest in the mortgaged premises by deed dated January 4, 1855, over sixteen years before the commencement of the suit. It was not recorded until June 25, 1872, more than eight months after the final decree had been carried into effect. A second deed, not yet recorded, was made to her in August, 1861, more than nine years before the institution of the suit. By her own gross negligence she prevented the complainant from making her a party, and deprived herself of an opportunity of contesting the complainant's claim. The statute expressly declares, that in consequence of the omission to give notice of her title by registry, before the commencement of the suit, she shall be bound by the final decree, so far as the mortgaged premises are concerned, in the same manner as if she had been made a party and appeared. *Rev.* p. 118, § 78. If the unregistered title had come to the knowledge of the complainant during the pendency of the suit, no duty would thereby have been cast upon him to have had the owner made a party. *Dinsmore* v. *Westcott*, 10 *C. E. Gr.* 302. If the petitioner had appeared, it is obvious she would have been precluded from assailing the decree and sale on the ground now urged. Registry laws are laws of forfeiture as well as laws of protection. *Losey* v. *Simpson*, 3 *Stock.* 246. Having neglected to register her deeds before the commencement of the suit, by the plain letter of the statute her estate was cut out and transferred by the decree and sale under it. It is clear, the purchaser could not have successfully resisted the execution of his contract of purchase on the ground now set up to avoid his title.

*Dinsmore* v. *Westcott, supra; Equitable Life Ins. Co.* v. *Laird,* 9 *C. E. Gr.* 319; *McCahill* v. *Equitable Life Ins. Co.,* 11 *C. E. Gr.* 531.

In a case where the purchaser is free from any imputation of fraud, the court ought not to destroy a title, on the application of a person not a party to the suit, which it would have compelled the purchaser to take. But I confess I am unable to understand upon what principle the petitioner can be permitted to urge an alleged failure in duty to the persons who were parties to the suit [as a reason] why relief should be extended to her. It must be admitted she was omitted as a party through her own fault. If she has been condemned unheard, it was because she made it impossible, by her own laches, for the complainant to give her an opportunity. She asks relief solely on the ground that the solicitor of the complainant did not, in making inquiry for the residence and post-office address of certain absent defendants, explore all possible sources of information open to him. But suppose it is admitted his efforts fell short of " diligent and careful inquiry," what right has the petitioner to complain? Not being a party to the suit, the complainant owed her no duty. A failure in duty to a party to the suit, but who makes no complaint, the case being free from fraud, does not give a stranger a right to assail the decree. However, I think it is clear, upon the proofs, the solicitor of the complainant performed his whole duty. His inquiries were directed to every source of information which would have been likely to occur to the most careful person. I should feel I was trifling with important rights, and attempting to establish a very dangerous rule, to hold that a judicial sale must be set aside because the solicitor of the complainant in a foreclosure suit omitted to send notice of the suit to an absent defendant, addressed to him at a place designated as his residence in a deed made fifteen or twenty years before the institution of the suit, without other information that he still resided there. The order to show cause must be discharged, with costs.